UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

KARL KRULLS,

                          Plaintiff,

    -against-                                  1:09-CV-00806 (LEK/RFT)

CIRG, LLC,

                          Defendant.

_____

**DECISION and ORDER**

**I.**     **INTRODUCTION**

Presently before the Court is Plaintiff's Motion to dismiss the complaint without prejudice, pursuant to Rule 41(a)(2) of the Federal Rules of Civil Procedure. Motion to Dismiss ("Mot. to Dis.") (Dkt. No. 21). For the reasons stated below, Plaintiff's Motion to dismiss without prejudice is granted.

**II.**     **BACKGROUND**

Plaintiff Karl Krulls ("Plaintiff") filed this suit in July 2009, seeking damages for alleged violations of 15 U.S.C. § 1692, the Fair Debt Collection Practices Act ("FDCPA"). Complaint ("Compl.") (Dkt. No. 1) ¶ 1. The Complaint was amended twice, in January and February 2010, both times to change the named defendant. First Amended Complaint ("1st Am. Compl.") (Dkt. No. 8); Second Amended Complaint ("2d Am. Compl.") (Dkt. No. 12). The allegations stem from communications made by Defendant CIRG, LLC ("Defendant") concerning a debt allegedly owed to it by Plaintiff, namely that Defendant improperly contacted Plaintiff to the extent that its

calls constituted harassment or abuse, engaged in unfair and unconscionable means to attempt to collect the alleged debt, failed to properly notify Plaintiff of his rights in writing, and made improper contact with a third party. 2d Am. Compl. ¶¶ 11-15.

In its Answer on April 5, 2010, Defendant denied the allegations and claimed multiple defenses: Plaintiff failed to state a cause of action, did not suffer any actual damages, and cannot recover emotional damages. Answer (Dkt. No. 17) ¶¶ 5, 8-9. Additionally, Defendant claimed that its actions were not debt collection and not subject to the FDCPA, because it is not a debt collector as defined by the FDCPA and was only seeking to repossess secured collateral from Plaintiff. Answer ¶ 6. Acknowledging that fact, on October 15, 2010, Plaintiff moved to dismiss the Complaint without prejudice. Mot. to Dis. The Motion is not opposed by Defendant. Response to Motion to Dismiss ("Resp. to Mot. to Dis.") (Dkt. No. 22).

### III. DISCUSSION

#### A. Standard of Review

After a defendant has answered the complaint, a plaintiff no longer has the right to dismiss his claims. However, FED. R. CIV. P. 41(a)(2) provides for the voluntary dismissal of a claim at plaintiff's request, by court order. Courts may allow voluntary dismissal if "the defendant will not be prejudiced thereby." Wakefield v. Northern Telecom, Inc., 769 F.2d 109, 114 (2d Cir. 1985). The Supreme Court has found legal prejudice where a defendant will be prevented from pursuing a counterclaim against the plaintiff in the same action that the plaintiff is seeking to dismiss. In re Skinner & Eddy Corp., 265 U.S. 86, 93-94 (1924). However, such prejudice does not necessarily extend to future claims the defendant might bring against the

plaintiff. Camilli v. Grimes, 436 F.3d 120, 123 (2d Cir. 2006).

In Zagano v. Fordham University, 900 F.2d 12, 14 (2d Cir. 1990), the Second Circuit established a set of factors that courts may use when considering whether a voluntary dismissal will unduly prejudice a defendant, including "the plaintiff's diligence in bringing the motion; any 'undue vexatiousness' on plaintiff's part; the extent to which the suit has progressed, including the defendant's effort and expense in preparation for trial; the duplicative expense of relitigation; and the adequacy of plaintiff's explanation for the need to dismiss." In general, courts have broad discretion in deciding whether to grant motions to dismiss without prejudice; these factors are not exhaustive, nor is any single factor dispositive. Kwan v. Schlein, 634 F.3d 224, 230 (2d Cir. 2011).

### B. Motion to Dismiss

Plaintiff argues that Defendant will not be prejudiced if the Court grants the Motion to dismiss. Memorandum of Law in Support of Plaintiff's Motion to Dismiss ("Pls.' Supp. Mem.") (Dkt. No. 21-1) at 4. Defendant has no counterclaims pending against Plaintiff; additionally, Defendant does not oppose the Motion, indicating that it will not suffer any legal prejudice if the Motion is granted. Resp. to Mot. to Dis. If a defendant is not likely to suffer legal prejudice beyond the possibility of a second lawsuit, granting voluntary dismissal is not improper. Camilli, 436 F.3d at 123. Plaintiff's Motion will not result in prejudice to Defendant, so denial on that basis would be improper, leaving consideration of the Zagano factors to determine disposition.

Where the possibility of legal prejudice has been eliminated, the Zagano factors should be considered, if relevant. Id. Plaintiff argues that he has been adequately diligent in bringing the Motion, and that he "indicated Plaintiff's intentions regarding dismissal immediately upon being

provided with [the relevant] information from the Defendant." Pls.' Supp. Mem. at 4. The record indicates that Plaintiff was informed that Defendant's actions were not subject to FDCPA in April 2010, and decided to move for dismissal in October. Id. at 7, 10. There is no indication from the record that the six-month gap contributed to significant wasteful litigation efforts by Defendant. A gap of a few months, where it does not lead to wasteful litigation, demonstrates acceptable diligence in bringing a motion to dismiss, especially where the motion is made in order to end litigation. Kwan, 634 F.3d at 231; Catanzano v. Wing, 277 F.3d 99, 110 (2d Cir. 2001). Therefore, Plaintiff's diligence in bringing the Motion is adequate to support dismissal.

Courts considering voluntary dismissal motions have often emphasized the effort expended by defendants in discovery and trial preparation and the possibility of prejudice to the defendant if the matter is relitigated. Plaintiff's argument here rests on the fact that the lawsuit has not been protracted. Pls.' Supp. Mem. at 4. Indeed, the claim had been pending for over a year before the Motion was made and had not been heavily litigated, nor had discovery started. There is no indication from the record that Defendant has incurred more than minimal expenses in responding to the suit. Dismissal of a claim is appropriate where little or no discovery has taken place. In re Solv-Ex Corp. Sec. Litig., 62 Fed.Appx. 396, 398 (2d Cir. 2003); Catanzano, 277 F.3d at 110. Where cases have barely been litigated, there is correspondingly little concern about the expense of relitigation for defendants. Id. Because discovery has not yet begun in this case, and Defendant has presumably incurred only minimal expenses, granting Plaintiff's Motion would be appropriate.

Plaintiff claims he is moving to dismiss in order to conclude litigation, which supports his contention that the Motion is not unduly vexatious to Defendant. Pls.' Supp. Mem. at 4.

Voluntary dismissal motions to end litigation do not constitute harassment of defendants. Catanzano, 277 F.3d at 110. Similarly, attempting to end litigation is an adequate explanation for a plaintiff's motion to dismiss. Id. The Court finds that Plaintiff's motive to end litigation is adequate and not vexatious to Defendant, which supports granting the Motion.

Taken together, all of the Zagano factors support granting Plaintiff's Motion to dismiss without prejudice. The Motion was brought with adequate diligence; it is not unduly vexatious to Defendant; Defendant has not expended significant effort and expense litigating this claim, nor does Defendant face significant duplication of expenses upon relitigation; and Plaintiff's explanation for the motion is adequate.

### IV. CONCLUSION

Accordingly, it is hereby:

**ORDERED**, that Plaintiff Karl Krulls' Motion to dismiss (Dkt. No. 21) is **GRANTED**; and it is further

**ORDERED**, that the Clerk serve a copy of this order on all parties.

**IT IS SO ORDERED**.

DATED:    June 20, 2011
              Albany, New York

_____
Lawrence E. Kahn
U.S. District Judge